IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSE AGAPITO RODRIGUEZ,<br><br>Petitioner,<br>vs.<br><br>STATE OF MONTANA FOURTH JUDICIAL DISTRICT COURT,<br><br>Respondent. | Cause No. CV 26-164-M-SPW<br><br>ORDER |

Petitioner Jesse Agapito Rodriguez ("Rodriguez") is a state pretrial detainee currently incarcerated at the Missoula County Detention Facility on a petition to revoke his pretrial release. Rodriguez had an appearance before the Fourth Judicial District Court scheduled for October 27, 2026.[1] Rodriguez has filed an amended petition challenging his ongoing state proceedings via a petition for writ of habeas corpus relief pursuant 28 U.S.C. § 2241. (Doc. 4.)

Rodriguez also seeks leave of the Court to proceed in forma pauperis. (Doc. 3.) Although his account statement shows he may be able to pay costs associated with this matter, *see* (Doc. 3-1), there is no reason to delay these proceedings. The motion will be granted.

---

[1] *See*, Missoula County Inmate Roster: https://webapps.missoulacounty.us/jailroster/Inmates (accessed October 21, 2026).

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. As explained below, because Rodriguez's petition is unexhausted, it will be dismissed without prejudice.

**Background**

Rodriguez was apparently released from custody pursuant to certain conditions. He claims that following an encounter with an unruly juvenile, he was arrested by law enforcement officials. (Doc. 4 at 6.) Rodriguez asserts that he is a vulnerable adult and had to defend himself, but despite this, he was arrested when the unidentified juvenile was actually the aggressor. (*Id.*) Rodriguez believes his "basic rights" and Fourth Amendment rights were violated by the purportedly wrongful arrest. Rodriguez asserts that he is in custody for crimes he did not commit, in violation of the Sixth Amendment and "misprison of a felony." (*Id.*) Rodriguez explains that prior to this confrontation and his "rearrest," he was attempting to attend a treatment program. Without additional explanation, Rodriguez asserts his Eighth Amendment rights have also been violated. (*Id.*) In

relation to his contention that he is a vulnerable adult, Rodriguez states that he has major mental health issues that are not presently being addressed. (*Id.* at 7.)

Rodriguez asks that this Court order that he be released either to treatment or "on his own accord." (*Id.*)

**28 U.S.C. § 2241 petition**

Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006. "District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.*; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity, however, require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971)(under principles of comity and federalism, a

federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Rodriguez acknowledges that he is in custody for purported violations of his pretrial release. Additionally, Rodriguez affirmatively states that he has not attempted to present his claims and/or challenge his criminal proceedings within the state court system. *See generally*, (Doc. 4 at 6-7.) Thus, to the extent that Rodriguez presents claims that are cognizable in federal habeas, these claims are unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84. Rodriguez's disagreement with the course of his state court proceedings and conclusory allegations in support thereof are not the type of unusual circumstances that might justify an exception to *Younger* abstention. Rodriguez may attempt to obtain the relief he seeks via his pending state district court proceedings, on direct appeal therefrom, or by filing an original habeas action in the state court.

Rodriguez has not exhausted his state court remedies, and his situation does

not involve an adequately "unusual" circumstance. His petition will be dismissed without prejudice, allowing Rodriguez to return to this Court if and when he fully exhausts his claims.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Rodriguez attempts to present are unexhausted and do not meet the "unusual circumstances" exception to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Rodriguez's Amended Petition (Doc. 4) is DISMISSED without prejudice.

2. Rodrigeuz's Motion to Proceed in Forma Pauperis (Doc. 3) is GRANTED.

The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 28th day of October, 2026.

Susan P. Watters
Susan P. Watters
United States District Court Judge